FILED

2020 JAN 13  AM 11: 1

JACKSONVILLE FL

**IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

ELIOTT WILLIAMSON,                    **COMPLAINT**

    PLAINTIFF,

VS.                                                    **DEMAND FOR JURY TRIAL**

G4S SECURE SOLUTIONS USA INC,

    DEFENDANTS.

_____/

**COMPLAINT**

Plaintiff Eliott Williamson acting pro se brings this action against the above Defendant, Plaintiff allege the following based upon information and belief, investigations and personal knowledge as to the allegations pertaining to themselves.

Defendant's acts and employment practices, as described herein, constitute unlawful, employment discrimination, or unfair employment practices, in that (1) Defendant's practices violate numerous statutes as described in this Complaint; (2) the justification for Defendant's conducts are outweighed by the gravity of the consequences to Plaintiff; (3) Defendant's conducts

1

are immoral , unethical, oppressive, unconscionable, or substantially injurious to Plaintiff, and/or;

(4) the uniform conduct of Defendant's has a tendency to discriminate Plaintiff.

## PARTIES

1.   Plaintiff Eliott Williamson at all time relevant hereto resides in Jacksonville County, State of Florida.

2.   At all relevant times, Defendant has continuously been and is now doing business in the State of Florida and has continuously had at least fifteen (15) employees.

3.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## JURISDICTION AND VENUE

4.   This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

5.   This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of

judicial economy, convenience, consistency, and fairness to the parties.

6. Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS

9. On November 4, 2019, exactly 10:50 am, Defendant G4S Secure Solutions denied plaintiff employment and took back its conditional offer of employment because of the veteran's DD214 which stated that Defendant had a general under honorable conditions.

10. Defendant immediately terminated plaintiff employment stating they only hire employees that have a DD214 with an honorable discharge. (document attached herein as exhibit A)

11. Around 10:50 am Tyrone Duncan called plaintiff into his office to tell him that they could not continue with his employment.

12. At 12:06pm November 4, 2019 plaintiff called DEFENDANT Secure Solutions and spoke to human resources manager Brandi Hand and she told plaintiff the following:<u>"that it's a company policy to only hire veterans with an honorable discharge because of the fact your DD214 does not say honorably discharged you are not allowed to work here"</u>.

13. On Defendant's **Security Handbook** EEOC Policy page 18 (document attached herein as exhibit **B** ).

14. it is clearly stated that they are non-discriminating company against a veteran's status.

15. Defendant  Secure Solutions has violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) by denying plaintiff's right to employment and wrongfully terminating plaintiff,(USERRA) rights are not diminished because an employee holds a temporary, part-time, probationary, or seasonal employment position.

4

16. Defendant failed to promptly employ plaintiff according to their own **Security Handbook** EEOC policy or the mandated federal and state EEOC policies.

17. Defendant failed to meet the state and federal civil rights requirements not to discriminate against a person or veteran's status.

18. It is clear the employer DEFENDANT Secure Solutions "willfully violated" **USERRA** and civil rights laws. Wrongful termination of anyone is both discriminatory and unethical business practice that should not go unpunished. Defendant's negligent hiring and erroneous following of policy is why plaintiff moves this court.

## VETERAN DISCHARGE

19. Federal and state laws prohibit businesses from discriminating against honorably discharged military service members.

20. In the military system, there are two main categories for separations: administrative and punitive. A punitive or disciplinary separation is adjudicated through a court martial under the Uniform Code of Military Justice. A criminal proceeding that ends with a finding of guilt might result in jail time, a fine, a reduction in rank or a punitive discharge—either a dishonorable discharge or a bad conduct discharge. A rape or murder conviction would lead to a dishonorable discharge, whereas a bad conduct discharge may be given for a lesser offense.

21. Most of the confusion comes in on the administrative side "It is essentially like a firing. The military says that you are no longer qualified or are no longer the type of employee that we want, so we are going to terminate the relationship."

22. But private employers shouldn't assume that such a discharge makes a job candidate ineligible for hire. Absent an investigation, an employer is unlikely to know the root cause of a candidate's discharge. A discharge may have been caused by an administrative issue, a simple mistake made by the candidate, or something more serious, however, without that detail; employers who rely on a candidate's discharge status effectively perpetuate the military's past decision without further context.

23. The type of discharge a veteran receives will be listed on his or her **DD-214 Military Discharge Paperwork.** This documentation verifies a veteran's complete military history, including full name used while in service, service number or Social Security number, branch of service, dates of service and additional information about the individual's military service.

**ADMINISTRATIVE DISCHARGE**

24. The United States military generally discharges service members under one of five categories: (1) honorable discharge, (2) general discharge under honorable conditions, (3) other-than-honorable discharge, (4) bad conduct discharge, or (5) dishonorable discharge.  Honorable discharge indicates that a serviceperson received good or excellent ratings during their service.  A "general discharge under honorable conditions" generally indicates that the serviceperson's performance was satisfactory but that he/she failed to meet all the expectations.  In this type of discharge, there is often some type of discipline in the serviceperson's file.  An "other than honorable" discharge means that the serviceperson engaged in more serious misconduct.  Both "bad conduct" and "dishonorable discharge" can only be issued after a court martial, which is the military's version of a criminal trial.  Thus, these are generally reserved for the most egregious types of misconduct.

### FIRST CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

### VIOLATION OF U.S.C. 4311 OF USERRA

25. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

26. Under section 4311 of USERRA, it is unlawful for an employer (federal, state, local, or private sector) to discriminate in initial employment (hiring), retention in employment (firing), or promotions or benefits of employment on the basis of membership in a uniformed service, application to join a uniformed service,

7

performance of uniformed service, or application or obligation to perform such service.

27. Section 4311 provides: •

(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

(b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

(c) An employer shall be considered to have engaged in actions prohibited—

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the

uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service; or

(2) under subsection (b), if the person's (A) action to enforce a protection afforded any person under this chapter, (B) testimony or making of a statement in or in connection with any proceeding under this chapter, (C) assistance or other participation in an investigation under this chapter, or (D) exercise of a right provided for in this chapter, is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right.

(d) The prohibitions in subsections (a) and (b) shall apply to any position of employment, including a position that is described in section 4312(d)(1)(C) of this title

28. During his employment, Plaintiff possessed the skills and background necessary to perform the duties of their positions. As such, Plaintiff was qualified for the positions.

29. During his employment, Defendant, though its employee and/or agent, treated Plaintiff differently and less favorably from similarly situated employees. The treatment of Plaintiff included, but was not limited to, the following: terminated plaintiff employment stating that they only hire employees that have a DD214 with an honorable discharge.

30. The discriminatory actions of Defendant against Plaintiff, when considered individually or collectively, constitute an adverse employment action for purposes of the USERRA. More specifically, the actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff' employment, and/or adversely affected Plaintiff' status as employees. As such, the disparate treatment constitutes an adverse employment action within the meaning of the USERRA.

31. The adverse employment actions were taken because of Plaintiff's veteran discharge status. More specifically, Plaintiff's veteran discharge status played a motivating factor in the adverse employment actions.

32. In. subjecting Plaintiff to adverse employment action on the basis of veteran discharge status, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

33. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff have suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; and costs, including attorney's fees, in pursuing redress for the deprivation of their civil rights.

10

34. By and through acts alleged, Defendant intentionally discriminated against Plaintiff because of veteran discharge status with respect to the compensation, terms, conditions, or privileges of their employment.

35. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages as alleged.

36. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, give rise to a cause of action under USERRA. In particular, the USERRA forbids discrimination against any employee on the basis of veteran discharge status with respect to the compensation, terms, conditions, or privileges of employment.

37. If Plaintiff prevail on their USERRA claim, resulting in vindication of their civil rights, then Plaintiff are entitled to reasonable attorney's fees pursuant to the USERRA.

38. WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the USERRA; an

order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back

11

pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for reasonable attorney's fees and costs; punitive damages; an order enjoining Defendant from engaging in any such unlawful employment practice under the USERRA, Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who exercise their federally protected rights to complain about discrimination and which eradicate the effects of its past unlawful employment practices; and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

### RETALIATION IN VIOLATION OF PUBLIC POLICY

39. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

40. The discharge of an employee in retaliation for resisting employer violations of laws that secure important public policies contravenes those policies, and gives rise to a common law action in tort.

41. Plaintiff's Employment was terminated for asserting his statutory and constitutional rights to engage in protected expressive activity. Defendant's violation of Plaintiff's statutory and constitutional rights is inconsistent and hostile to the public's interest in

expressing that his <u>DD214 does not say honorably discharged</u> and other views, and has a chilling effect on such protected activity.

42. Defendant's arguments for terminating Plaintiff is pretextual in nature and calculated to disguise the motivating basis of the adverse employment action to which Plaintiff was subjected.

43. As a proximate result of Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendant's conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

44. As a further direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**Asserted on Behalf of Plaintiff**

**<u>WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY</u>**

45. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

46. Defendant wrongfully terminated Plaintiff's employment on the ground of plaintiff's veteran discharge status.

47. Defendant's arguments for terminating Plaintiff is pretextual in nature and calculated to disguise the motivating basis of the adverse employment action to which Plaintiff was subjected.

48. As the direct result of Defendant's termination, Plaintiff has suffered and will continue to suffer reasonable, foreseeable and ascertainable damages, including but not limited to, loss of earnings and other employment benefits, unfair discriminatory working conditions, emotional distress, and attorney's fees and costs.

49. The conduct of Defendant and, as described herein, was malicious and oppressive and done with a willful and conscious disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages from Defendant.

## FOURTH CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

50. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

51. The conduct of Defendant as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

52. As an actual and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

53. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendant acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendant in an amount according to proof.

### FIFTH CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

### (VIOLATION OF SECURITY HANDBOOK EEOC POLICY)

54. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

55. On Defendant's **Security Handbook EEOC Policy page 18** (document attached hereto as exhibit **B**).

56. it is clearly stated that they are non-discriminating company against a veteran's status.

57. During his employment, Plaintiff possessed the skills and background necessary to perform the duties of its position. As such, Plaintiff was qualified for the positions.

58. Yet defendant discriminated and terminated defendant's employment on the basis of his veteran status.

59. As a proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

60. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

## SIX CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

### (RESPONDEAT SUPERIOR)

61. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

62. Defendant is responsible for the conduct of its managers and employees under the doctrine of respondeat superior.

63. The acts of those employees or agents took place during the hours they were in fact working for Defendant.

64. These acts were related to or committed in the context of the conduct these employees or agents were hired to perform.

65. The wrongful actions herein complained of were performed by agents of Defendant in the course of Defendant's business. Defendant is thus liable for its agents' actions under the doctrine of respondeat superior.

66. As a result of these actions, Plaintiff has been damaged in an amount to be determined at trial.

67. Plaintiff is entitled to recover from Defendant damages, plus punitive damages, in an amount to be determined by the finder of fact, as well as attorney fees.

17

## SEVEN CAUSE OF ACTION

### Asserted on Behalf of Plaintiff

### (DECLARATORY RELIEF)

68. Plaintiff incorporates by reference every prior and subsequent allegation of this Complaint as if fully restated here.

69. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

70. As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff.

71. Plaintiff therefore seeks an order declaring Defendant's practice unlawful, and that Defendant's are liable to Plaintiff for damages caused by that practice

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.  For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law;

b.  For punitive damages allowed by law;

c.  For restitution and/or disgorgement;

d.  For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys' fees;

e.  For an award of prejudgment and post-judgment interest;

f.  For an award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves its right to further amend this Complaint, upon completion of its investigation and discovery, to assert any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

**Dated; January 9th, 2020.**

Respectfully submitted by:

**Eliott Williamson, Pro Se**
12183 Captiva Bluff Cir W
Jacksonville, Florida 32226
(904) 554-8208

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2020, a true and correct copy of the above and foregoing document was sent by United States Postal Service, Certified Mail / Return Receipt Requested to the following party:

G4S SECURE SOLUTIONS USA INC