**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| ELIOTT WILLIAMSON, | ) |
| Plaintiff, | )  Case: 3:20-cv-00024-HES-JRK |
| v. | ) |
| G4S SECURE SOLUTIONS (USA) INC., | ) |
| Defendant. | ) |

_____

## G4S SECURE SOLUTIONS (USA) INC.'S MOTION TO DISMISS

Defendant G4S Secure Solutions (USA) Inc. moves to dismiss Plaintiff Eliott Williamson's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because Plaintiff's shotgun complaint fails to plead any cognizable claims.

## BACKGROUND[1]

Plaintiff's Complaint is riddled with legal conclusions, confusing allegations, and non-existent claims.  (Doc. 1).  As best G4S can discern, Plaintiff claims that he was denied employment and terminated because of his DD214, which stated that he was discharged under honorable conditions.  (Doc. 1 at ¶¶ 9-10).  Plaintiff claims G4S only hires employees with an honorable discharge on their DD214.  (Doc. 1).  As a result, Plaintiff filed a seven count Complaint: (1) Violation of Uniformed Services Employment and Reemployment Rights Act ("USERRA"); (2) Retaliation in Violation of Public Policy; (3) Wrongful Termination in Violation of Public Policy; (4) Intentional Infliction of Emotional Distress; (5) Violation of Security Officer Handbook

---

[1] While G4S denies the allegations in Plaintiff's Complaint, G4S accepts the allegations only for this Motion to Dismiss under Rule 12(b)(6).  G4S reserves all defenses and its right to deny all of Plaintiff's allegations.

EEOC Policy; (6) Respondeat Superior; and (7) Declaratory Relief. Now, G4S moves to dismiss Plaintiff's Complaint.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A party's failure to plead "enough facts to state a claim to relief that is plausible on its face," warrants dismissal of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And while pro se pleadings are held to a less stringent standard, pro se pleadings must still comply with the general pleading standards. See *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). To that end, all plaintiffs must be careful to avoid shotgun pleadings, which include "complaint[s] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Sarhan v. Miami Dade Coll.*, No. 18-13921, 2020 U.S. App. LEXIS 2685, at *4 (11th Cir. Jan. 28, 2020) (holding that the district court did not abuse its discretion in dismissing the pro se plaintiff's complaint with prejudice as a shotgun pleading).

## ARGUMENT

### A.   Plaintiff's Complaint is a Shotgun Pleading

Plaintiff's Complaint must be dismissed because it is the most common type of shotgun pleading. Plaintiff "incorporates by reference every prior and subsequent allegation" of the Complaint into each claim. (Doc. 1 at ¶¶ 25, 39, 45, 50, 54, 61, 68). And even though pro se plaintiffs are held to a lower standard, the Eleventh Circuit found that dismissal of a pro se plaintiff's shotgun pleading was appropriate. *Sarhan*, 2020 U.S. App. LEXIS 2685, at *5. That

is exactly what the Court should do here. The Complaint, as pled, is the quintessential shotgun pleading and must be dismissed in its entirety.

### B.     Plaintiff's Common Law Retaliation Claim Fails as a Matter of Law

Plaintiff alleges that he was retaliated against in violation of public policy. "The established rule in Florida is that when the term of employment is discretionary or indefinite, either party may terminate the employment at any time for any reason or no reason without assuming liability." *Alexander v. Sonny's Real Pit Bar-B-Q*, 701 F. App'x 931, 937 (11th Cir. 2017) (citation omitted). In other words, Florida does not recognize claims of retaliatory discharge and employment discrimination under common law. *Fernandez v. Bal Harbour Vill.*, 49 F. Supp. 3d 1144, 1153 (S.D. Fla. 2014). Because Florida simply does not recognize this type of common law claim and Plaintiff has not identified an independent law or statute that he claims G4S violated, this claim should be dismissed.[2]

### C.     Plaintiff's Common Law Wrongful Termination Claim Fails as a Matter of Law

Likewise, "to bring a non-contract claim for wrongful discharge in Florida, an employee must rely on statutory causes of action created by the Legislature." *Bruley v. Vill. Green Mgmt. Co.*, 592 F. Supp. 2d 1381, 1385 (M.D. Fla. 2008). Again, Plaintiff has failed to identify a statutory cause of action for his claim of wrongful termination. He has also not identified any contract that governs his employment. Thus, his claim must be dismissed.

---

[2] Even if Plaintiff seeks to plead a wrongful termination or retaliation claim under Title VII, he has not alleged that he is a member of a protected class. Thus, his claim should be dismissed. *See Concannon v. Int'l Cruise & Excursions, Inc.*, No. 6:18-cv-2093-Orl-37LRH, 2019 U.S. Dist. LEXIS 124666, at *3 (M.D. Fla. July 26, 2019).

### D. Plaintiff Failed to State a Claim for Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotion distress in Florida, the plaintiff must allege "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Artubel v. Colonial Bank Grp., Inc.*, No. 8:08-cv-179-T-23MAP, 2008 U.S. Dist. LEXIS 60781, at *40-42 (M.D. Fla. Aug. 8, 2008) (quotation omitted). Plaintiff does not identify G4S's conduct, how the conduct was outrageous, or that the conduct was deliberate or reckless. Instead, Plaintiff recites the elements of the claim and incorporates every allegation. Plaintiff's claim is simply not plausible as pled. Thus, Plaintiff claim should be dismissed.

### E. No Independent Claim Exists for Violating an Internal Policy

There is no independent claim for violating a company's internal policy. *Cf. Villaman v. UPS*, No. 18-21377-CIV, 2019 U.S. Dist. LEXIS 21845, at *21 (S.D. Fla. Feb. 8, 2019) (rejecting a Florida Whistleblower Act claim that depended on the violation of internal policies); *Mardones v. Samurai, Inc.*, No. 15-21543-Civ, 2018 U.S. Dist. LEXIS 120002, at *28 (S.D. Fla. July 17, 2018) (noting that a violation of a company's internal policy does not support a cause of action under the Fair Labor Standards Act). Plaintiff points to G4S's internal Security Officer Handbook and claims that G4S violated its own policy. This is simply not a cause of action. Plaintiff has not identified an independent statute or body of law to support this claim. Thus, Plaintiff's claim for violating G4S's internal policy should be dismissed with prejudice.

### F. Plaintiff's Respondeat Superior Claim Fails

Plaintiff has not identified what claim he believes that G4S is liable for under the doctrine of respondeat superior. Nor has Plaintiff identified what actions or claims he has against G4S's

agents. In an analogous situation, a district court dismissed a standalone claim for respondeat superior liability because the plaintiff sought to include four tort claims in one claim. *See Bowe v. City of Hallandale Beach*, No. 0:16-CIV-60993-DIMITROULEAS, 2017 U.S. Dist. LEXIS 10419, at *9 (S.D. Fla. Jan. 23, 2017). Like that case, Plaintiff realleges all claims into his respondeat superior. It remains unclear how or for what claims Plaintiff seeks to hold G4S liable under his theory of respondeat superior. Because of this ambiguity, Plaintiff's claim must be dismissed.

### G. Plaintiff's Claim for Declaratory Relief Fails

Plaintiff seeks declaratory relief under 28 U.S.C. § 2201(a), which allows a court to enter declaratory judgment in "a case of actual controversy . . . ." Plaintiff has not established a case of actual controversy because he has failed to sufficiently plead any claims. So Plaintiff's claim for declaratory relief must also fail.

### CONCLUSION

Plaintiff's Complaint is filled with legal conclusions, confusing allegations, barely any facts to support the claims, and is the quintessential shotgun pleading. If that were not enough, Plaintiff's claims cannot stand as a matter of law. All of these reasons alone warrant dismissal, but together, these issues are too much for Plaintiff to overcome. G4S asks the Court to dismiss Plaintiff's Complaint in its entirety.

Dated: February 12, 2020.

                                           Respectfully submitted,

                                           */s/ Kelly Eisenlohr-Moul*
                                           Kelly Eisenlohr-Moul
                                           Florida. Bar Number 1003246
                                           Telephone:  470-300-5337
                                           Email:  kelly.eisenlohr-moul@dinsmore.com

                                           Tucker C. Motta
                                           Florida Bar No. 112659
                                           Telephone:  470-300-5340
                                           Email:  tucker.motta@dinsmore.com

                                           Dinsmore & Shohl LLP
                                           1100 Peachtree Street
                                           Suite 950
                                           Atlanta, Georgia  30309

                                           *Counsel for Defendant*
                                           *G4S Secure Solutions (USA) Inc.*

**CERTIFICATE OF SERVICE**

      I certify that I have submitted this filing to the Clerk of the Court using the CM/ECF system and have sent a copy of this filing via U.S. mail to the following:

Elliot Williamson
12183 Captiva Bluff Cir. W.
Jacksonville, Florida 32226


This 12th day of February, 2020.

                    */s/ Kelly Eisenlohr-Moul*
                    Kelly Eisenlohr-Moul
                    Florida. Bar Number 1003246
                    Telephone:  470-300-5337
                    Email:  kelly.eisenlohr-moul@dinsmore.com

                    Tucker C. Motta
                    Florida Bar No. 112659
                    Telephone:  470-300-5340
                    Email:  tucker.motta@dinsmore.com

                    Dinsmore & Shohl LLP
                    1100 Peachtree Street
                    Suite 950
                    Atlanta, Georgia  30309

                    *Counsel for Defendant*
                    *G4S Secure Solutions (USA) Inc.*